## SANDERS v. CARPENTER.

### Opinion delivered February 5, 1912.

1. FRAUD—MISREPRESENTATION—SUFFICIENCY OF COMPLAINT.—A com-
plaint asking for rescission of an exchange of property which alleges that
defendant showed to plaintiff a certain tract of land covered with mer-
chantable timber and falsely represented to him that he owned same,
that, relying upon such representation, plaintiff conveyed an improved
town lot for such land, and subsequently learned that the land belonged
to the United States, states a cause of action. (Page 189.)

2. PLEADING—DEMURRER—INDEFINITENESS.—Objection that a pleading
is indefinite or uncertain may be reached by motion, but not by de-
murrer. (Page 190.)

Appeal from Mississippi Chancery Court; *Edward D.
Robertson*, Chancellor; reversed.

STATEMENT BY THE COURT.

The plaintiff brought suit against the defendants to cancel
and set aside his conveyance of a certain lot in Blytheville
to the defendants upon the following complaint, alleging:
"That in August, 1909, M. P. Carpenter, one of the defendants,
herein, showed to this plaintiff a tract of land covered with

merchantable timber in Chickasawba District, Mississippi County, Arkansas, and represented to said plaintiff that said land and timber was the property of M. P. Carpenter, defendant, and that same was a part of the southeast part of section twelve (12) and a part of section thirteen (13), all in township fourteen (14) north, range eleven (11) east, said county and State. That plaintiff was ignorant of the location of said timber, and believed that same was located on·said section as represented by said Carpenter, although said Carpenter, at the time he made such representation, well knew that the timber shown to this plaintiff was on land belonging to the United States, and was a part of what is known on the Government plats and maps as Round Lake and is a tract of unsurveyed territory. That this plaintiff, relying upon the false and fraudulent representation of said M. P. Carpenter as above set out, agreed to give and did give to said M. P. Carpenter lot three (3) in Block "F," Richards' Addition to the town of Blytheville, Arkansas, with building which the plaintiff erected thereon, and in pursuance of said agreement this plaintiff on the.........day of..........1909, executed his deed to the above-described lot to Kate Catherine Carpenter, who is the wife of the said M. P. Carpenter, and having been executed to her at the request of her husband, the said M. P. Carpenter.

"That said M. P. Carpenter, as a consideration of said deed of conveyance to said lot, executed a contract, dated August 17, 1909, to this plaintiff to all of the merchantable timber, then growing on the following land in Mississippi County, Arkansas, except the oak timber, towit:  on section thirteen (13) (except that which is now under a lease) and on the southeast part of section twelve (12), all in township fourteen (14) north, range eleven (11) east, Mississippi County, Arkansas, and gave the plaintiff three years in which to remove the timber.   The said M. P. Carpenter falsely and fraudulently at the time represented to said plaintiff that the timber shown to this plaintiff was on the above-described land.   This plaintiff further represents that he erected a saw mill near the land at a great expense and cut about fourteen thousand feet of timber from said land, believing, as was represented to him, that said M. P. Carpenter was the owner, but after cutting that amount he was notified by inspectors employed by the Government of

the United States to quit cutting timber as same belonged to the United States. The plaintiff now comes into court and offers to release and relinquish unto the said M. P. Carpenter any and all rights which he may have against said timber, and asks that the property heretofore conveyed to Mrs. Catherine Carpenter be divested of her and conveyed to this plaintiff.

"Therefore he prays that a summons may issue against the said M. P. Carpenter and Catherine Carpenter, and, upon a final hearing of this cause, they may be compelled by an order of this court to reconvey said house and lot to this plaintiff, together with the rental value of same, and for all general relief."

The defendants interposed a general demurrer to the complaint, which was sustained by the court, and, plaintiff declining to plead further, the complaint was dismissed for want of equity, and from the judgment he appealed.

*Appellant pro se,* for appellant.

1.   There was no consideration for the sale. 47 Ark. 335; 60 *Id.* 39; 71 *Id.* 91; 46 *Id.* 542; 33 *Id.* 762; 1 Pom. Eq., § § 280, 370, 383; 2 *Id.* 747; 3 *Id.* 981-1293.

2.   For the rules for assessing damages for cutting timber, see 106 U. S. 434; 33 Mich. 205; 46 Fed. 352; 149 U. S. 273; 4 Dill. 464.

3.   The complaint stated a cause of action.

4.   Plaintiff had a right to rely on the false and fraudulent representations made to him, and the deed should be cancelled. 71 Ark. 98.

*Gravette & Alexander* and *D. F. Taylor,* for appellee.

1.   The complaint has no merit and stated no cause of action.

2.   No case of false and fraudulent misrepresentations was made nor stated. 2 Pom. Eq. Jur., § 902.

KIRBY, J., (after stating the facts). The complaint alleges that M. P. Carpenter showed to the plaintiff a certain tract of land in Mississippi County, covered with merchantable timber, and represented to him that said land and timber was his property. That plaintiff was ignorant of the location of the timber, and believed that same was located on said land as represented to him by said Carpenter, "although said Carpen-

ter, at the time he made such representation, well knew that the timber shown to this plaintiff was on lands belonging to the United States, and was a part of what is known on the Government plats and maps as 'Round Lake,' and is a tract of unsurveyed territory.'' That plaintiff relied upon the false and fraudulent representations so made, and conveyed to said Carpenter's wife, Catherine Carpenter, the other defendant, at his request, the lot in Richards' Addition to Blytheville, in consideration of the sale and conveyance by Carpenter of all the merchantable timber growing on certain lands in Mississippi County, except the oak, describing the lands, and that the said M. P. Carpenter falsely and fraudulently represented to him, the said plaintiff, that the timber shown to him was on the above-described land. That he erected a sawmill at great expense near the land and after cutting a small amount of timber therefrom was stopped by the Government inspectors. Also offered to relinquish to Catherine Carpenter any rights which he may have against the timber and asked that the title to the lot be divested out of Mrs. Catherine Carpenter and conveyed to him. That defendants be compelled to reconvey said house and lot to the plaintiff and for all general relief.

We think it is sufficiently alleged that the defendant, M. P. Carpenter, falsely and fraudulently represented to plaintiff that he was the owner of certain lands, and that the timber shown by the defendant before the conveyance thereof to plaintiff was situated upon said lands, the ones described in the complaint, that such representation was material to the making of the contract, and an inducement therefor, and that the plaintiff relied upon the truth of such representation, as it was expected and intended he should do, by the defendant, when it was so knowingly made, to his injury. The position of the parties was such that the plaintiff had the right to rely upon the truth of the representation, as it is alleged he did do, in conveying the lot in question, which conveyance is now sought to be set aside and cancelled. The complaint is sufficient. *Neely* v. *Rembert*, 71 Ark. 98.

It may be that the complaint is indefinite and not altogether certain, but such a defect could have been reached by a motion to make it more definite and certain and not by demurrer. The court erred in sustaining the demurrer, and the

judgment is reversed and the cause remanded with directions to overrule it and for further proceedings.