MISSOURI PACIFIC RAILROAD COMPANY v. BLOCK.

Opinion delivered February 9, 1920.

1.  APPEAL AND ERROR—NONJOINDER OF PARTIES—PREJUDICE.—Where it developed in plaintiff's testimony that a partner, not a party, was interested in the subject-matter of the action, there was no prejudice in not dismissing the action on defendant's motion;

such partner being present as a witness for plaintiff and having estopped himself to dispute plaintiff's right to maintain the action.

2.   CARRIERS — DELAY IN SHIPMENT — QUESTION FOR JURY.—Where there is a conflict in the evidence as to whether there was delay in the transportation of live stock, the case is one for the jury.

3.   CARRIERS—NEGLIGENCE—BURDEN OF PROOF.—Where the evidence justified the inference of unreasonable delay in transportation, the burden is on the carrier to remove the presumption of negligence in transportation causing damage to a livestock shipment.

4.   CARRIERS—DEATH OF ANIMAL—QUESTION FOR JURY.—Evidence as to whether cholera caused the death of a hog in transit *held* to raise question for jury.

5.   TRIAL—INACCURATE INSTRUCTION.—Where an instruction as modified was inaccurate, but the jury must have understood what the court meant, particular attention should have been called to it by a specific objection.

Appeal from Cross Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Troy Pace* and *Daggett & Daggett,* for appellant.

1.   The court erred in overruling the motion to dismiss for misjoinder of parties plaintiff.  The hogs were owned by Block and Mitchell jointly as partners.

2.   The court erred in refusing to grant defendants' motion for a peremptory instruction, as there was no competent evidence of delay in shipment and consequent shrinkage of value of the hogs or of negligence in handling and delay.  96 Ark. 384; 97 *Id.* 82.

3.   Mitchell was in charge of the shipment and stayed with it as far as Little Rock.  The presumption of negligence does not arise where a caretaker accompanies the shipment, and the burden was on plaintiff to prove actual negligence.  50 Ark. 397; 167 N. W. 546; 10 C. J. 381; Michie on Carriers, § 2085.

4.   The court erred in modifying instruction No. 2 for defendant.

5.   The verdict is contrary to the evidence as to the dead and crippled hogs.  59 Atl. 1117; Michie on Carriers, § 2083.

*Giles Dearing,* for appellee.

1. The instructions were fair and covered the law fully, and the verdict is fully sustained by the evidence.

2. There was no error in overruling the motion to dismiss for misjoinder of parties. The suit was brought in the name of R. L. Block, the real party in interest, and Mitchell was not a necessary party.

3. The motion for a peremptory injunction was properly overruled. The items of damage were proved by Block and corroborated by the claim as filed by the Live Stock Commission Company. The delay was unreasonable and a decline in price was proved.

McCULLOCH, C. J. This is an action instituted by appellee against appellant to recover damages alleged to have been sustained to a carload of hogs shipped over appellant's railroad from Strong, Arkansas, to East St. Louis, Illinois. It is alleged in the complaint that by reason of delay in the transportation of the car there was a shrinkage in weight of the hogs to the extent of 1,212 pounds, depreciating the market value $150; that there was a decline in market price suffered by reason of the delay in the sum of $161; and that one hog, of the value of $7.97, was killed, and two other hogs crippled, thereby diminishing the value to the extent of the sum of $18.49. There was a verdict in the trial below in favor of appellee for the sum of $176.86, and an appeal has been prosecuted from the judgment.

Appellee alleged in his complaint that he was the owner of the hogs and consigned the same over appellant's railroad; and this was denied in the answer; in fact, the answer contains a specific denial of each and every allegation in the complaint. Appellee testified to the shipment of the hogs, but it was drawn out from him in his testimony that he had a partner in the deal, a Mr. Mitchell, who accompanied the carload of hogs on a part of the journey. Upon the development of this feature of the case appellant moved to dismiss because Mitchell was not joined as a party plaintiff, and the failure of the court

to grant the motion is assigned here as the first ground for reversal.

Mitchell was present at the trial of the case, and was introduced as a witness by appellee; in fact, the right to recover was established by Mitchell's testimony. His presence at the trial constituted an approval of the prosecution of the action in the name of his partner alone, and he is estopped to dispute appellee's right to maintain the action. This estoppel would prevent appellant from being subjected to another suit for the same right of action, and there is no prejudice in the court's refusal to dismiss the action or to require Mitchell to be made a party. Appellant did not move the court to make Mitchell a party, which doubtless would have been done if asked.

The next contention is that the evidence is not sufficient to sustain the verdict, and that the court should have given a peremptory instruction in appellant's favor.

Appellant introduced testimony tending to show that there was no unreasonable delay in the transportation of the carload of hogs. According to the testimony of appellant there was, indeed, no unreasonable delay; but there was a conflict in the testimony. Mitchell accompanied the transportation from Strong to Little Rock, and his testimony showed that that part of the journey was accomplished with reasonable dispatch; and appellee defends the judgment on the ground that there was delay in the remaining portion of the journey. The testimony adduced by appellant tended to show that the carload of hogs left Strong about 8 o'clock on the morning of January 2, 1918; that it arrived at Gurdon, the junction point with the main line to Little Rock, at 8:30 p. m. the same date, and did not reach Little Rock until 6 o'clock on the morning of January 3. The testimony further shows that there was no fast train out of Little Rock to haul the car until 5:35 that afternoon, and that there was no delay after the car left Little Rock. Mitchell accompanied the car to Little Rock, and he testified that the car left Strong at 6 o'clock on the morning of January 2, and arrived

at Little Rock the following night at 10 o'clock. This
made a sharp conflict in the testimony and, if true, it
showed an additional delay of about twenty hours
in the transportation of the car from Little Rock to East
St. Louis. Mitchell did not continue the journey further
than Little Rock, and the shipment was not accompanied
by the appellee or his agent on that part of the journey.
The testimony was sufficient to warrant the jury in draw-
ing the inference of unreasonable delay in this portion
of the transportation and the burden of proof was, there-
fore, on appellant to remove the presumption of negli-
gence in the delay which caused the damage.

Appellant introduced a professional veterinarian,
who made a *post mortem* of the hog which was found dead
in the car, and he pronounced the cause of death to be
cholera. It is insisted that this testimony is undisputed,
and that the court should not have allowed the issue as
to the damage to that particular animal to go to the jury.
There was also a conflict on this point, for the testimony
adduced by appellee tended to show that the hogs were
in healthy condition when loaded and had not contracted
cholera.

Error is assigned in the ruling of the court in mod-
ifying an instruction requested by appellant which reads
as follows:

"2. You are instructed that before you can find a
verdict for the plaintiff, for shrinkage and decline in the
market, you must find from a preponderance of the evi-
dence that the shipment was carelessly and negligently
delayed by the defendant company, and that by the exer-
cise of reasonable diligence said shipment could have
been delivered at point of destination in time to have been
sold on the market of January 4. If, therefore, you find
from the evidence that said shipment was moved with
reasonable diligence, according to the schedule of the de-
fendant company in effect at that time. and that the
actual running time of the trains of the defendant com-
pany that moved such shipment, plus the time consumed
in feeding and resting the hogs, was such that it would

have been impossible to have delivered the shipment in time for the market of January 4, then your verdict shall be for the defendant company in so far as the claim for decline in market price and loss of weight is concerned, provided you further find from the testimony that, after the shipment was unloaded for feed and rest, it was moved towards the destination in the first available train used for such freight.''

The court modified the instruction by striking out the words, ''plus the time consumed in feeding and resting the hogs,'' and inserting the words, ''if it was so unloaded.''

The modification would have been better framed if the court had inserted the added words without striking out the other words, as the manifest purpose of the court was to submit to the jury the question whether or not the hogs had been unloaded and to direct the jury to exclude the resting time from the time chargeable against the railroad for making the transportation. However, the jury must have understood from this modification just what the court meant by it, and if the method of submitting it was not accurate particular attention ought to have been called to it in a specific objection. We are of the opinion that there was no prejudicial error in giving the instruction in the modified form. The judgment is therefore affirmed.